(79 South. 311)
INTERSTATE CASUALTY CO. v. GULF STATES STEEL CO. (6 Div. 433.)
(Supreme Court of Alabama. May 15, 1918. Rehearing Denied June 20, 1918.)

Appeal from City Court of Birmingham; H. A. Sharpe, Judge.

Action by the Gulf States Steel Company against the Interstate Casualty Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Stokely, Scrivner & Dominick, of Birmingham, for appellant. Forney Johnston, of Birmingham, for appellee.

MAYFIELD, J. This is an action on an indemnity or surety bond, executed by appellant as surety for the Gallacher Coal Company, and payable to the appellee. The bond was to secure the faithful performance of a certain lease contract between the Gallacher Coal Company and appellee. The condition of the bond is in part as follows: "Now, therefore, the condition of the foregoing obligation is such that if the said principal shall well and truly indemnify and save harmless the said obligee from any pecuniary loss resulting from the breach of any of the terms, covenants and conditions of the

[1] 16 Ala. App. 410.

said lease on the part of the said principal to be performed, then this obligation to be void, otherwise, to remain in full force and effect in law." The complaint alleged appropriate breaches of the conditions, and claimed as damages the full amount of the penalty, viz. $10,000. The cause was tried by the court without a jury, and judgment was rendered in favor of the plaintiff for the full amount claimed. From such judgment defendant surety company prosecutes this appeal.

The evidence is rather voluminous, and it would serve no useful end to review it in an extended opinion. It is sufficient to say that it has been carefully examined, and found sufficient to support the judgment rendered.

There was no error in any of the rulings on the admission or the rejection of evidence, as to which error is assigned or argument is made.

The judgment appealed from is free from error, and must be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.